OPINION
On January 28, 1993, appellant Max R. Erwin, Sr., was convicted of felonious sexual penetration (R.C. 2907.12), and gross sexual imposition (R.C. 2907.05). He was sentenced to a term of incarceration of eight to twenty-five years. After the enactment of R.C. Chapter 2950, the Department of Corrections and Rehabilitation recommended that appellant be adjudicated as a sexual predator. The Licking County Common Pleas Court did not hold a hearing on the recommendation, but instead merely found that appellant was a sexually oriented offender. Appellant assigns five errors on appeal:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 O.R.C. 2950, VIOLATES SECTION I, ARTICLE I, OF THE OHIO CONSTITUTION IN IT'S ENTIRETY, AS APPLIED TO APPELLANT.
ASSIGNMENT OF ERROR NO. II
 APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT DETERMINED AND ADJUDICATED HIM A SEXUAL ORIENTED OFFENDER BECAUSE THE TRIAL COURT LACKED STATUTORY AUTHORITY TO MAKE THAT DETERMINATION.
ASSIGNMENT OF ERROR NO. III
 APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT FOUND HIM TO BE, AND CLASSIFIED HIM AS, A SEXUAL ORIENTED OFFENDER WHEN O.R.C. 2950.09 (C) HAS NO PROVISION FOR THAT CLASSIFICATION.
ASSIGNMENT OF ERROR NO. IV
 O.R.C. 2950 VIOLATES THE EX POST FACTO AND DOUBLE JEOPARDY PROHIBITION OF THE OHIO AND FEDERAL CONSTITUTIONS, AS APPLIED TO APPELLANT.
ASSIGNMENT OF ERROR NO. V
 THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTIONS WHEN IT INITIATED PROCEEDINGS PURSUANT TO R.C. 2950.09 (C) (2) WHEN THE DEPARTMENT OF REHABILITATION AND CORRECTIONS DID NOT RECOMMEND THAT APPELLANT BE ADJUDICATED A SEXUAL PREDATOR PURSUANT TO R.C. 2950.09(C)(1).
 I
In his first assignment of error, appellant argues that Ohio's sexual predator law violates his right to privacy pursuant to Section 1, Article I of the Ohio Constitution. This court has previously found that the statute does not unconstitutionally infringe on any liberty interest protected by the Constitutional right to privacy. State v. Smith (June 30, 1999), Perry App. No. CA98-2, unreported. The first assignment of error is overruled.
 II and III
In his second and third assignments of error, appellant argues that the court did not have authority pursuant to R.C. 2950.09
(C) to find appellant to be a sexually oriented offender. He argues that the statute only allows for the trial court to make a determination of whether he is a sexual predator. The court's entry in effect found that appellant was not a sexual predator, and instead found him to be classified as a sexually oriented offender, the lowest classification provided for by Chapter 2950. The classification of an offender as a sexually oriented offender does not require a factual finding by the trial judge, but instead occurs automatically upon convictions of certain types of offenses. R.C. 2950.01(D)(1) defines a sexually oriented offense to include both sexual imposition in violation of R.C. 2907.05, and felonious sexual penetration in violation of 2907.12, regardless of the age of the victim of the offense. R.C. 2950.04
(A)(1) provides for registration requirements for a sexually oriented offender who was sentenced to a term of imprisonment, and is released after the effective date of the statute. In the instant case, by operation of statute, appellant is classified as a sexually oriented offender subject to R.C. 2950.04 (A)(1). Therefore, the court's order finding him to be a sexually oriented offender was redundant, and stated what occurred by operation of law. The second and third assignments of error are overruled.
 IV
Appellant argues that the sexual predator proceedings violate the double jeopardy and the ex post facto clauses of the United States Constitution. This assignment of error is overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404.
 V
Appellant argues that sexual predator proceedings were improper instituted in the instant case. This claim is moot, as appellant was not classified as a sexual predator.
The fifth assignment of error is overruled. The judgment of the Licking County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur